Common Pleas Court of Hamilton County.

JOHN H. SCHULTEN V. BESSIE FINER ET AL.

(Decided February, 1928.)

*Thomas L. Michie* and *A. J. D. Bussdicker,* for plaintiffs.
*Jacob S. Hermann* and *Max Rafalo,* for defendants.

SHOOK, J.

This cause comes on upon the motion of plaintiff for a new trial. The court has considered carefully all of the authorities submitted, and many others. This was a case in which a trespass upon the plaintiff's property was admitted by the defendants Hoffman. In their amended and supplemental answers, each of said defendants recite: "Further answering, this defendant admits that the wall mentioned in the petition is partly on plaintiff's lot line."

The uncontradicted evidence showed that the stone wall, admittedly built by the defendants Katie Hoffman and George Hoffman, for a considerable distance along the dividing line between plaintiff's and defendants' adjoining lots, was from two to six inches beyond plaintiff's line.

The general theory of plaintiff's pleadings, and the evidence in support thereof, was that the plaintiff's property, being lower than that of the defendants, the building of

the stone wall changed the natural flow of the water so that large quantities of water and dirt and other debris were carried over on to plaintiff's property, damaging the same.

. Defendants Katie Hoffman and George Hoffman deny that there was any damage done; in fact there was some evidence offered by said defendants tending to show that the building of the wall did not change the natural water flow, but assisted in protecting plaintiff's property, so that there was no damage; said defendants going so far as to argue that plaintiff's property was enhanced in value by the building of the wall.

However, it is elementary that whoever commits an act of trespass is liable therefor. The pleadings, having admitted the trespass, so far as the defendants Hoffman were concerned, some damages should have been awarded. The law is clearly stated in 26 Ruling Case Law, p. 97:

"The law conclusively presumes damage in every case of trespass. Hence, the plaintiff, in an action of trespass is always entitled to some damages, if trespass be shown, even though they may be merely nominal. This is true even though the plaintiff was benefited by the act of the defendant. Hence it is error for the court to instruct the jury that if they believe no injury or damage was done by the trespass of the defendants, they should render a verdict in favor of the latter."

In the case of *Matilda Besuden* v. *The Commissioners of Hamilton County,* 7 Cir. Ct. (O. S.), 237, syllabus 2 reads:

"Where it appears from the evidence that property rights of the plaintiff have been infringed, at least nominal damages must be awarded."

The reasoning of the court is conclusive in support of our position herein.

We have carefully considered the case of *Smith* v. *Sewing Machine Co.,* 26 O. S., 562, as well as the other cases submitted in defendants' brief.

The principle stated in these cases is sound and undoubtedly applies in the same or similar cases where no actual damages are proved. The failure of the court to allow nominal damage, where no actual damages are proved, it may be conceded, constitutes no ground for re-

versal; however, counsel does not, and cannot, argue that plaintiff did not prove damages. The facts in the case in 26 O. S., are in no way analogous to the record herein.

In the principal case relied upon by defendants, that of *Thoma* v. *City of Cincinnati*, 1 Hosea Reports, 110, the mere statement of syllabus 2 shows this:

"Where it is apparent that a new trial upon an adverse verdict would mean only an opportunity to secure nominal damages, a new trial will not be granted."

In view of the record the court cannot conceive of any theory upon which plaintiff would be entitled to secure only nominal damages under any circumstances. The admission of the trespass, however, requires that at least nominal damages be recovered.

In a case relied upon by defendants at the trial, *Tootle* v. *Clifton*, 22 O. S., 247, at page 253, the principle of law is correctly stated:

"In other words, the question is, whether the erection of an embankment upon one's own land, whereby the surface water accumulating on the land of another is prevented from flowing off in its natural courses, and caused to flow off in a different direction over his land, is an act for which the latter may sustain an action, without showing any actual injury or damage. We answer the question in the affirmative. The act is wrongful. It is an invasion of the plaintiff's right—the right to manage his own farm according to his own notions of fitness and enjoyment, and therefore the law presumes a damage, although it be merely nominal or ideal."

While the argument of counsel for defendants to the effect that the jury must have found that the plaintiff's property was enhanced in value, and that he therefore has suffered no damages, is ingenious, the court cannot subscribe to such a theory.

Therefore we find that the verdict as to the Hoffmans is clearly and manifestly against the weight of the evidence, and the motion for a new trial will therefore be granted as to them.

An entry may be presented accordingly.